IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01789-BNB

LLOYD HARVEY LAXSON,

      Plaintiff,

v.

WARDEN LINBERG,
BERNALL,
C.D.O.C.,
THE WHOLE MEDICAL DEP.,
MENTAL HEALTH DEP.,
NURSE PRACTITIONER STERGEON,
X-RAY TECK MR. SARI,
MRS. BRONIE, Medical Dep.,
MRS. KISPAR, Medical Dep., and
MRS. JONES, Mental Health,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

      Plaintiff, Lloyd Harvey Laxson, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Laxson has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  The court must construe the Prisoner Complaint liberally because Mr. Laxson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

      The Prisoner Complaint is deficient.  Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."  It is not clear

whether the caption of the Prisoner Complaint lists the names of all the parties because the caption is confusing and difficult to understand.  It appears that some Defendants are listed twice and it is not clear who or what Mr. Laxson is suing when he refers to the "Whole Medical Dep." and the "Mental Health Dep."  As a result, it is not clear exactly who Mr. Laxson is suing in this action.

The Prisoner Complaint also does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Laxson indicates he is asserting constitutional claims pursuant to 42 U.S.C. § 1983 and it is clear that he is complaining about his medical treatment for a variety of

conditions.  However, Mr. Laxson fails to provide a short and plain statement of any constitutional claims showing he is entitled to relief because he fails to identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

For these reasons, Mr. Laxson must file an amended complaint if he wishes to pursue his claims in this action.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Therefore, Mr. Laxson should name as Defendants only those persons he contends actually violated his federal

3

constitutional rights.  In order to clarify who is being sued in this action, Mr. Laxson should list the name of each Defendant on a separate line in the caption of his amended complaint.  Accordingly, it is

ORDERED that Mr. Laxson file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Laxson shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Laxson fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED July 1, 2014, at Denver, Colorado.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge